# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO ZARAGOZA and DAISY DONATO,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS; THE HOME DEPOT USA, INC.; DOES 1 to 100,<br><br>                    Defendants. | 1:08-cv-00902 LJO GSA<br><br>ORDER ON DEFENDANT UNITED INDUSTRIES CORPORATION'S MOTION TO STAY DEADLINES IN THE SCHEDULING ORDER<br><br>(Doc. 21) |

    On September 4, 2009, Defendant United Industries Corporation ("UIC") moved to stay all deadlines set forth in this Court's Scheduling Order of December 17, 2008 (Doc. 19), pending entry of an amended scheduling order. (Doc. 21.)

    More particularly, UIC points out that as the result of a previous stay of this matter, following a bankruptcy filing in Texas, certain deadlines imposed in the December 2008 scheduling order have elapsed during the period of the stay. The stay was terminated on August

1  29, 2009, with UIC's Joint Plan of Reorganization.  (Doc. 25.)  Thus, UIC seeks an amended

2  scheduling order in light of the "seven month delay in discovery."  (Doc. 21.)  No party has

3  opposed UIC's motion.

4        Federal Rules of Civil Procedure, Rule 16(b)(2) and (3) requires district courts to enter

5  scheduling orders to establish deadlines for, among other things, "to file motions" and "to

6  complete discovery."  Modification of the scheduling order requires a showing of good cause.

7  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot be reasonably met despite

8  the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*,

9  302 F.3d 1080, 1087 (9th Cir. 2002), quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

10  604, 607 (9th Cir. 1992).

11        In *Johnson v. Mammoth Recreations Inc.*, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . .. [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

17  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 609.

18        Here, an automatic stay of the instant matter following bankruptcy proceedings requires

19  modification of the previously issued scheduling order.  No party has acted in the absence of

20  diligence, or with carelessness.  As indicated in UIC's motion, as a result of the stay, "the parties

21  have not had a reasonably opportunity to conduct discovery."  (Doc. 21 at 1.)  Rather, all parties

22  acted in accordance with the procedural posture of this case.

23        In light of the foregoing, IT IS HEREBY ORDERED that:

24      1.    The scheduling order of December 17, 2008, including all related discovery

25          deadlines and hearing dates, is hereby VACATED;

26  //

27

28

2.   A scheduling conference will be held on **November 30, 2009, at 9:30 a.m.**, in Courtroom 10.  A Joint Scheduling Report shall be prepared by the parties and filed with this Court one full week prior to the date of the scheduling conference, in accordance with the Local Rules of Court.  A copy shall also be e-mailed, in WordPerfect or Word format, to gsaorders@caed.uscourts.gov.  Thereafter, the Court shall issue an amended scheduling order.

IT IS SO ORDERED.

**Dated:**   **October 8, 2009**             **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

3