# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO ZARAGOZA and DAISY DONATO,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS; THE HOME DEPOT USA, INC.; DOES 1 to 100,<br><br>　　　　　　Defendants. | 1:08-cv-00902 LJO GSA<br><br>ORDER REGARDING REQUESTS FOR SUBSTITUTION OF ATTORNEYS<br><br>(Documents 29 & 30) |

　　　On December 3, 2009, Plaintiffs Humberto Zaragoza and Daisy Donato, by their present attorney of record Dennis A. Grossman, filed Requests for Approval of Substitution of Attorney. (Docs. 29-30.)  The requests seek to substitute Mr. Zaragoza and Ms. Donato as appearing pro se, in place and instead of attorney Dennis A. Grossman.  For the foregoing reasons, the requests are DENIED.

//

1

The Local Rules of the United States District Court for the Eastern District[1] of California, and more particularly rule 83-182(g), provide as follows:

> **Substitution of Attorneys**. An attorney who has appeared in an action may substitute *another attorney* and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney and the client. All substitutions of attorneys shall require the approval of the Court, and the words "IT IS SO ORDERED" with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys.

(Emphasis added.) The requests filed with the Court seek to substitute Plaintiffs pro se rather than seek to substitute another attorney in Mr. Grossman's place on behalf of Plaintiffs. The requests do not comply with Local Rule 83-182(g).

Moreover, rule 83-182(d) of the Local Rules for this district provides as follows:

> **Withdrawal**. Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as an attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Plaintiffs' counsel must seek this Court's leave to withdraw as counsel by way of a noticed motion in accordance with Local Rule 83-182(d).

Finally, this Court notes that the requests filed by Plaintiffs' counsel were executed by Mr. Zaragoza and Ms. Donato on February 26, 2009, *more than nine months ago*. Plaintiffs' counsel signed the documents on March 2, 2009. (Docs. 29-30.)

For all of the foregoing reasons, the Requests for Approval of Substitution of Attorney are DENIED.

IT IS SO ORDERED.

---

[1] The requests appear to reference the Local Rules for the Northern District of California.

Dated: **December 4, 2009**      /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE